UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARJAN MIRBOD, et al.,<br><br>　　　　　　　　　Plaintiffs,<br><br>v.<br><br>ANTONY J. BLINKEN, et al.,<br><br>　　　　　　　　　Defendants. | Case No.: 3:24-cv-01430-CAB-MMP<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>**[Doc. No. 6]** |

　　　On August 12, 2024, Plaintiffs Marjan Mirbod ("Plaintiff Marjan"), et al., filed this lawsuit and petition for a writ of mandamus against Defendants Antony Blinken, in his official capacity as U.S. Secretary of State, and Robert Jachim, in his official capacity as Acting Director of Screening, Analysis, and Coordination. Plaintiffs seek to compel adjudication of the immigrant visa applications of beneficiary Plaintiffs Maryam Lavasani ("Plaintiff Maryam") and Morvarid Lavasani ("Plaintiff Morvarid"), and derivative beneficiary Plaintiffs Kamran Shakeri ("Plaintiff Kamran") and Pooyan Rashidian ("Plaintiff Pooyan"). Defendants filed a motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Defendants' motion to dismiss is **GRANTED**.

///

///

## I. BACKGROUND

Plaintiff Marjan is a U.S. citizen who filed a Form I-130 for her sisters—Plaintiffs Maryam, an Iranian national and resident, and Morvarid, an Iranian national and Canadian resident. Plaintiffs Kamran and Pooyan are the husbands of Plaintiffs Maryam and Morvarid, respectively. U.S. Citizenship and Immigration Services approved Plaintiffs' two Form I-130 petitions on July 7, 2009. Plaintiff Maryam was found documentarily qualified on June 17, 2021, and interviewed by a consular officer in the U.S. Embassy in Yerevan, Armenia on August 21, 2023. Plaintiff Morvarid was found documentarily qualified on January 5, 2021, and interviewed by a consular officer in the U.S. Embassy in Yerevan, Armenia on November 6, 2023.

Plaintiffs were both refused for administrative processing and asked to supply additional information by submitting a DS-5535 form, which they allege they did. Plaintiffs Maryam's and Morvarid's applications have remained refused while undergoing administrative processing for seventeen and fifteen months, respectively. Plaintiffs allege "they have received no new or useful information from Defendants regarding their applications since their interviews." [Compl. ¶ 102.] Plaintiffs seek declaratory and injunctive relief, and a writ of mandamus to compel Defendants to adjudicate Plaintiffs' applications. Defendants move to dismiss for lack of subject matter jurisdiction and/or failure to state a claim.

## II. LEGAL STANDARDS

### A. Rule 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) permits a party to move to dismiss based on the court's lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). The federal court is one of limited jurisdiction. *See Gould v. Mut. Life Ins. Co. of N.Y.*, 790 F.2d 769, 774 (9th Cir. 1986). Plaintiffs have the burden of establishing that the court has subject matter jurisdiction. *Ass'n. of Am. Med. Colls. v. United States*, 217 F.3d 770, 778–79 (9th Cir. 2000). As such, the court cannot reach the merits of any dispute until it confirms its subject matter jurisdiction. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 95

(1998). A defense of lack of "subject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived." *United States v. Cotton*, 535 U.S. 625, 630 (2002). The Court can adjudicate subject matter jurisdiction sua sponte. *See Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004). A facial attack to the Court's jurisdiction pursuant to Rule 12(b)(1) tracks "a motion to dismiss under Rule 12(b)(6)." *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014). Thus, in "determin[ing] whether the [plaintiff's] allegations are sufficient as a legal matter to invoke the [C]ourt's jurisdiction," the Court "[a]ccept[s] the plaintiff's allegations as true and draw[s] all reasonable inferences in the plaintiff's favor . . . ." *Id.*

### B. Rule 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) permits a party to raise by motion the defense that the complaint "fail[s] to state a claim upon which relief can be granted." The Court evaluates whether a complaint states a recognizable legal theory and sufficient facts in light of Federal Rule of Civil Procedure 8(a)(2), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Although Rule 8 "does not require 'detailed factual allegations,' . . . it [does] demand[] more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim of relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570); *see also* Fed. R. Civ. P. 12(b)(6). A claim is facially plausible when the collective facts pled "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* There must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Facts "merely consistent with" a defendant's liability fall short of a plausible entitlement to relief. *Id.* (quoting *Twombly*, 550 U.S. at 557). The Court need not accept as true "legal conclusions" contained in the complaint, *id.*, or other "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998

(9th Cir. 2010). The Court accepts as true all allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. *See Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005).

### III. DISCUSSION

The Court notes that this complaint is the second instance of alleged unreasonable delay in immigration processing that the Court has addressed in the last three months. *See Rezai v. Blinken,* No. 3:24-CV-01016-CAB-JLB, 2024 WL 4830988 (S.D. Cal. Nov. 18, 2024). Moreover, it is the *fifth* instance of such an allegation that this *District* has addressed in the last year. *See id.*; *Mosayebian v. Blinken*, No. 24-CV-130 JLS (MMP), 2024 WL 3558378 (S.D. Cal. July 25, 2024); *Infracost Inc. v. Blinken*, 732 F. Supp. 3d 1240 (S.D. Cal. Apr. 30, 2024); *Davila v. Cohan*, No. 23-CV-1532 JLS (BLM), 2024 WL 711618 (S.D. Cal. Feb. 21, 2024). Plaintiffs' counsel in the present case was involved in four of these five previous cases and their briefing in each has been quite similar. As such, Plaintiffs' counsel will find the following analysis familiar.

Plaintiffs bring four claims. They allege that Defendants have unlawfully withheld and unreasonably delayed adjudication of Plaintiffs' application in violation of Sections 555(b), 706(1), and 706(2) of the Administrative Procedures Act ("APA"), and the Mandamus Act. Additionally, Plaintiffs claim that Defendants' failure to issue all Congressionally allotted family preference visas violates APA § 706(2).

**A. The Court Analyzes Only the APA Claims**

A claim seeking relief under the Mandamus Act is essentially the same "as one for relief under § 706 of the APA." *Independence Min. Co., v. Babbitt*, 105 F.3d 502, 507 (9th Cir. 1997). "When a complaint seeks identical relief under the APA and the Mandamus Act, courts routinely elect to analyze [the] APA claim only." *Akbar v. Blinken*, No. 23CV1054-LL-BLM, 2023 WL 8722119, at *3 (S.D. Cal. Dec. 18, 2023); *see also Vaz v. Neal*, 33 F.4th 1131, 1135 (9th Cir. 2022). Here, Plaintiffs seek to compel adjudication of their immigrant visa applications under both the APA and Mandamus Act. The Court thus elects to analyze Plaintiffs' APA claims only.

**B. Plaintiffs' Unreasonable Delay Claim Fails**

Plaintiffs bring their claim for unreasonable delay under Section 555(b). Section 555(b) of the APA "does not contain an independent cause of action, but instead creates a duty that some courts have held can be enforced through 5 U.S.C. § 706(1)." *Mosayebian*, 2024 WL 3558378, at *4. The Court, therefore, addresses Plaintiffs' challenge for unreasonable delay under 706(1). *See id.* at *4–5.

"[A] court may compel agency action under the APA when the agency (1) has 'a clear, certain, and mandatory duty,' and (2) has unreasonably delayed in performing such duty . . . ." *Vaz*, 33 F.4th at 1136 (citation omitted). Here, even if the Court assumes that Defendants have a clear and mandatory duty to adjudicate, Plaintiffs fail to allege that Defendants have unreasonably delayed post-refusal adjudication of Plaintiffs' visa application. *See Lee v. Blinken*, No. 23-CV-1783 (DLF), 2024 WL 639635, at *4 (D.D.C. Feb. 15, 2024) ("The Court will assume without deciding that the plaintiffs allege the defendants are subject to a discrete, required duty because, in any event, they have not suffered an unreasonable delay . . . ." (footnote omitted)). "To determine whether an agency's delay is unreasonable under the APA, [the Ninth Circuit] use[s] the *TRAC* factors—the six-factor balancing test announced in *Telecommunications Research & Action Center v. FCC*, 750 F.2d 70, 79–80 (D.C. Cir. 1984) ('*TRAC*')". *Vaz*, 33 F.4th at 1137. The factors are as follows:

"(1) the time agencies take to make decisions must be governed by a rule of reason;

(2) where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason;

(3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake;

(4) the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority;

    (5) the court should also take into account the nature and extent of the interests prejudiced by delay; and

    (6) the court need not find any impropriety lurking behind agency lassitude in order to hold that agency action is unreasonably delayed."

*TRAC*, 750 F.2d at 80 (internal quotation marks and citations omitted).

### 1. *TRAC* Factors One and Two

"The first two factors are often considered together" and the first is "often considered 'the most important.'" *Lee*, 2024 WL 639635, at *5 (quoting *In re Core Commc'ns, Inc.*, 531 F.3d 849, 855 (D.C. Cir. 2008)). Plaintiffs argue that the first two factors weigh in their favor because § 237 of Public Law 106-113 and the Department's Foreign Affairs Manual state that it shall be the policy of the State Department to process non-immediate relative/other family-based immigration visa applications within sixty days. However, these provisions are accorded little weight as they are only aspirational targets for the Department. *See Mosayebian*, 2024 WL 3558378, at *10. Indeed, Congress rather has given "significant discretion . . . to the federal agencies tasked with processing immigration applicants and vetting them to protect the national security." *Pourshakouri v. Pompeo*, No. CV 20-00402 (RJL), 2021 WL 3552199, at *9 n.11 (D.D.C. Aug. 11, 2021). Moreover, in this specific context of a request for adjudication following a refusal, Courts have held that "[n]o statutory or regulatory timeline exists within which the State Department or a consular office must re-adjudicate visa applications." *Barazandeh v. U.S. Dep't of State*, No. CV 23-1581 (BAH), 2024 WL 341166, at *8 (D.D.C. Jan. 30, 2024).

With no "congressionally supplied yardstick," the Court looks to caselaw as a guideline for whether a seventeen-month (Plaintiff Maryam) or fifteen-month (Plaintiff Morvarid) delay is unreasonable. *See Sarlak v. Pompeo*, No. CV 20-35 (BAH), 2020 WL 3082018, at *6 (D.D.C. June 10, 2020). "Even though courts have drawn no bright lines to determine reasonableness, district courts have generally found that immigration delays of two to three years are reasonable." *Barazandeh*, 2024 WL 341166, at *8. Indeed, "many courts evaluating similar delays have declined to find a two-year period to be unreasonable

as a matter of law." *Ghadami v. United States Dep't of Homeland Sec.*, No. CV 19-00397 (ABJ), 2020 WL 1308376, at *8 (D.D.C. Mar. 19, 2020).

Here, Plaintiffs' post-refusal adjudications have been pending in administrative processing for seventeen and fourteen months. The Court finds that factors one and two weigh for Defendants due to the significant deference provided to the State Department in administering immigration visa applications and because such delays are not unreasonable according to extensive case law. The Court is especially hesitant to find otherwise "[g]iven the complex and sensitive nature of visa determinations" which "fall outside of [the Court's] typical expertise." *Mosayebian*, 2024 WL 3558378, at *8.

### 2. *TRAC* Factors Three and Five

Courts frequently examine *TRAC* factors three and five, which consider potential harm and prejudice to plaintiffs, together as well. *See Ordian v. Blinken*, No. CV 23-2993 (TSC), 2024 WL 3251226, at *6–7 (D.D.C. July 1, 2024). Plaintiffs allege that the delay in adjudication is causing significant stress and anxiety in Plaintiffs and their families. They note that the delay has disrupted their lives and plans. The Court recognizes that prolonged volatility and uncertainty in one's family situation can take an immense toll. Accordingly, the Court finds factors three and five to weigh in favor of Plaintiffs.

### 3. *TRAC* Factor Four

The fourth factor is considered among the most important. *Milligan v. Pompeo*, 502 F. Supp. 3d 302, 319 (D.D.C. 2020). Plaintiffs argue that "there is no higher or competing priority. Immigrant visas, and not nonimmigrant visas, should be Defendants' priority." [Compl. ¶ 144.] They further contend that "Defendants have not established that there is a queue, let alone Plaintiffs' place therein." [Doc. No. 8 at 17.] At the same time, however, Plaintiffs allege there is a backlog of tens of thousands of security screenings. [Compl., Ex. B ¶¶ 23–25.] The Court is persuaded that "[o]ne need not unearth the details of the visa-adjudication process . . . to surmise that the relief Plaintiffs seek would reorder [Department] priorities." *Rashidi v. United States Dep't of State*, No. CV 23-1569 (JEB), 2023 WL 6460030, at *6 (D.D.C. Oct. 4, 2023). Further, "[p]rocessing capacity is

presently a zero-sum game, [and] granting plaintiffs' request to expedite would necessarily mean additional delays for other applicants—many of whom undoubtedly face hardships of their own." *Ordian*, 2024 WL 3251226, at *7 (quoting *Murway v. Blinken*, No. 21-cv-1618, 2022 WL 493082, at *4 (D.D.C. Feb. 16, 2022) (quotation omitted)). As such, the Court finds that factor four weighs for Defendants.

### 4. *TRAC* Factor Six

Plaintiffs allege that Defendants have acted with impropriety by disregarding "the indefinite suffering of working families and the time-sensitive nature of the Plaintiffs' case." [Compl. ¶ 147.] Factor six, however, asks "whether the *reason* behind the delay is improper (*e.g.*, intentional or motivated by animus)." *Mosayebian*, 2024 WL 3558378, at *11 (emphasis added). Plaintiffs do not allege such impropriety. Factor six, nonetheless, is neutral as "the absence of impropriety does not weigh against Plaintiffs." *Id*.

In sum, then, with the most important factors—one and four—favoring Defendants, and given the extensive case law that has reached the same outcome for similar and longer delays, the Court finds the *TRAC* balancing test to weigh in favor of Defendants. The Court declines to order Defendants to rearrange their processing priorities as Congress has provided them with significant discretion. The Court accordingly finds that Plaintiffs have failed to state a claim for unreasonable delay under the APA and **GRANTS** Defendants' motion to dismiss.

### C. Plaintiffs' Unlawful Withholding Claim Fails

Plaintiffs bring their claim for unlawful withholding under Sections 706(1) and 706(2) of the APA. Given that it is Section 706(1) that permits a court to "compel agency action unlawfully withheld," and Defendants construe Plaintiffs' claim under Section 706(1) with no objection by Plaintiffs within their response, the Court only addresses Plaintiffs' Section 706(1) claim for unlawful withholding. *See Mosayebian*, 2024 WL 3558378, at *4–5 (deeming Plaintiff abandoned Section 706(2) claim because it parroted Section 706(1) claim's "'unlawful withholding' and 'unreasonable delay'

allegations" and Defendant characterized it as such with no objection by Plaintiff); *see also Rezai*, 2024 WL 4830988 at *2.

Moreover, where a plaintiff fails to sufficiently distinguish their APA claim for unlawful withholding from their APA claim for unreasonable delay, the Court's unreasonable delay analysis "addresses the entirety of [P]laintiffs' § 706(1) claim[] to compel agency action." *Rezai*, 2024 WL 4830988, at *5 (alteration in original). The Court finds that Plaintiffs' claim for unlawful withholding, like their claim for unreasonable delay, fails and **GRANTS** Defendants' motion to dismiss.

### D. Plaintiffs Lack Standing to Challenge Below Cap Issuance of Family Preference Visas in 2018–2023

Plaintiffs allege that "Defendants' decision(s) to not issue the Congressionally allotted number of Family-Sponsored Preference categories from FY-2018-2023 nullified and ignored Congress's considered judgment on the matter of immigration." [Compl. ¶ 156.] Plaintiffs argue that this is a violation of the law per Section 706(2). Defendants counter that Plaintiffs lack standing to bring this claim and the Court should dismiss for lack of subject matter jurisdiction. The Court agrees.

Federal courts may only hear cases and controversies, and standing is a core component of that requirement. *Barnum Timber Co. v. U.S. E.P.A.*, 633 F.3d 894, 897 (9th Cir. 2011). To establish standing, "a plaintiff must show an injury that is concrete, particularized and actual or imminent (the injury-in-fact requirement); traceable to the defendant's complained-of activity (the traceability requirement); and likely to be redressed by a decision favorable to plaintiff (the redressability requirement)." *Ghalambor v. Blinken,* No. CV 23-9377-MWF (BFMX), 2024 WL 2889868, at *7 (C.D. Cal. Apr. 25, 2024) (internal quotation remarks omitted) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992)). Even assuming Plaintiffs have suffered an injury in the delay of post-refusal re-adjudication of their visa applications, they fail to demonstrate how their injury is traceable to Defendants' action of not issuing all allotted family preference visas from 2018–2023. It is unclear to the Court how a delay in post-refusal adjudication of Plaintiffs'

visa applications, in 2025, can be traced to Defendants' decision to not issue all family preference visas between 2018 and 2023, *particularly* when Plaintiffs' applications were initially considered and rejected in 2023. Though the bar for traceability is low, *see Idaho Conservation League v. Bonneville Power Admin.*, 83 F.4th 1182, 1188 (9th Cir. 2023), the Court finds the connection between the alleged injury and the complained-of action as too attenuated to maintain Article III standing.

Moreover, regarding redressability, the Court notes that Plaintiffs do not state what relief they request for this claim, neither within the section for the claim nor in the prayer for relief. *See Steel Co.*, 523 U.S. at 103 ("there must be redressability—a likelihood that the *requested* relief will redress the alleged injury." (emphasis added)). Even if the Court assumes that Plaintiffs seek to have the Court order Defendants to issue the total allotted number of family preference visas from 2018 to 2023, Plaintiffs fail to demonstrate how their alleged injury of a delay in post-refusal adjudication in 2025 would be redressed. *See Ghalambor*, 2024 WL 2889868, at *7 (finding plaintiff whose family preference visa interview was delayed lacked standing to challenge below cap issuance of such visas in 2018–2023). Accordingly, the Court **GRANTS** Defendants' motion to dismiss this claim under Rule 12(b)(1).

### IV.   CONCLUSION

For the above-stated reasons, Plaintiffs' claims against Defendants are **DISMISSED** without leave to amend as no amendments to the complaint would change the Court's conclusion. *See Mosayebian*, 2024 WL 3558378, at *12. This dismissal, however, as to Plaintiffs' unreasonable delay claim, is **WITHOUT PREJUDICE** to refiling should later circumstances demonstrate an unreasonable delay. *Id.*

It is **SO ORDERED**.

Dated: February 6, 2025

Hon. Cathy Ann Bencivengo
United States District Judge